KEARSE, Circuit Judge,
concurring in the judgment:
I concur in the judgment affirming the conviction of defendant Devon Robinson on both counts of the indictment charging him *40 with sex trafficking of a minor from December 23, 2008, through April 5, 2009, in violation of 18 U.S.C. § 1591 as amended effective December 23, 2008 (Count One), and sex trafficking of the minor from January 1, 2007, through December 22, 2008, in violation of § 1591 prior to its 2008 amendment (Count Two). I have no difficulty with the Majority’s discussion of Count Two, its assessment of the sufficiency of the evidence, or its treatment of the evidentiary and sentencing issues. However, with respect to Count One, I am not entirely persuaded by the Majority’s analysis of § 1591 as amended, and I am not persuaded that it is necessary in this case to rule that the amended section imposes strict liability on a defendant who has a reasonable opportunity to observe his underage sex-trafficking victim but who neither knows nor recklessly disregards the fact that the victim has not attained the age of 18 years.
As amended, subsection (a)(1) of § 1591 prohibits the sex trafficking of “a person ... knowing, or in reckless disregard of the fact, ... that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act,” 18 U.S.C. § 1591(a)(1) (emphases added). Subsection (c) provides that “[i]n a prosecution under subsection (a)(1) in which the defendant had a reasonable opportunity to observe the person so” trafficked, “the Government need not prove that the defendant knew that the person had not attained the age of 18 years.” 18 U.S.C. § 1591(c) (emphasis added).
The Majority concludes that a defendant who had “a reasonable opportunity to observe” the underage traffickee is strictly liable for causing the person to engage in a commercial sex act even if the defendant neither knew nor recklessly disregarded the fact that the person was younger than 18. It is not clear to me that when Congress, in the amended § 1591, specified only that such an opportunity to observe means that the government need not prove that the defendant “knew,” 18 U.S.C. § 1591(c), Congress meant that the government also need not prove that the defendant acted in reckless disregard.
In the present case, however, if it was error for the trial court to instruct that the jury could find Robinson guilty on Count One if he had a reasonable opportunity to observe Jane Doe, his underage traffickee, even if he neither knew nor recklessly disregarded the fact that she was younger than 18, I would affirm Robinson’s conviction on the ground that that error was entirely harmless: The jury, in response to interrogatories on Count One, not only found that Robinson had such an opportunity to observe, but also found expressly “[t]hat Mr. Robinson knew Ms. Doe was under the age of 18,” and “[tjhat Mr. Robinson was in reckless disregard of the fact that Ms. Doe was under the age of 18.” (Verdict Sheet, June 24, 2010.) There is thus no need in this case to interpret § 1591(c) as imposing strict liability, in the absence of reckless disregard.